## In the Matter of Van Cott, an Habitual Drunkard.

Where leave was granted to traverse an inquisition against an habitual drunkard, and the finding of the inquest was confirmed, the costs to be charged on the estate of the drunkard cannot exceed twenty-five dollars; out of which sum the expenses of the committee are first to be paid.

If an issue is awarded for the benefit of a third person, and it is found against him, no costs will be allowed to the solicitor who prosecutes the traverse.

July 4th.

A PETITION for leave to traverse the inquisition in this case was presented, in which *J. B. Scoles* appeared as solicitor. An issue was directed, and the finding by the inquest was confirmed. The solicitor applied for an order that the committee pay his costs and expenses, as between solicitor and client, out of the estate. He stated that he had only received about $20 or $25. By the affidavits on the part

of the committee, it appeared that deeds from Van Cott to the solicitor *and to S. S. Johnson were overreached by the finding of the jury, and that the issue was in fact for their benefit.

1829.

Mills
v.
Pittman.

*F. A. Tallmadge*, for Scoles.

*S. F. Clarkson*, for the committee.

THE CHANCELLOR :—The statute under which the pro-ceedings in this case were instituted, limits the expense to be charged on the estate at twenty-five· dollars in case of a traverse. It necessarily follows that in no case of an un-successful traverse can the solicitor of the traverser have any allowance out of the estate. The committee's expenses must be first paid, and they will absorb the whole amount allowed by law. But in this case there can be no reason for paying the costs of Scoles out of the estate in the hands of the committee, even if there was no restriction in the statute. Van Cott had conveyed all his real estate to Scoles and Johnson, and this traverse was substantially for their benefit. The allowance of costs is discretionary, and depends upon the character of the application and the con-duct of the party. In *Folger's case*, (4 John. Ch. Rep. 169,) the grantee of a lunatic for whose benefit the issue was awarded, was directed to pay the costs to which the com-mittee had been subjected thereby.

The application must·be refused, with costs to be paid by Scoles to the solicitor of the committee.